UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEVIN BROWN,**

    **Plaintiff,**

v.                               **Case No. 8:24-cv-02061-KKM-AAS**

**JAMIE GIRGENTI, et al.,**

    **Defendants,**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Devin Brown requests to proceed *in forma pauperis*. (Doc. 3). It is **RECOMMENDED** that Mr. Brown's motion to proceed *in forma pauperis* be **DENIED**, and the complaint be dismissed without prejudice.

**I.    STANDARD OF REVIEW**

To authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2)(B)(i). 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a case if it determines that an action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

1

"A claim is frivolous 'where it lacks an arguable basis either in law or fact.'" *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1338 (N.D. Ga. 2017), aff'd sub nom. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) when the facts as pleaded do not state a claim for relief that is plausible on its face. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court recognizes Mr. Brown is pro se, and therefore has an obligation to construe his pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this liberal construction does not allow the court to act as de facto counsel or rewrite otherwise deficient pleadings for a pro se litigant. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II. ANALYSIS

The undersigned reviewed Mr. Brown's complaint under the pleading standards articulated above and the requirements of § 1915. Mr. Brown attempts to raise claims against Jamie Girgenti, Esq., and the law firm Older, Lundy, Kich & Martino (collectively, the defendants), who represented the opposing party in a child support action against Mr. Brown. (Doc. 1, p. 9). At issue here is a state court decision apportioning part of Mr. Brown's veteran's

benefits to the defendants for travel expenses and legal fees. (*Id.*).[1]

First, § 1983 creates no substantive rights. *See Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Rather, § 1983 provides a vehicle through which an individual may seek redress when his federally protected rights have been violated by an individual acting under color of state law. *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citations omitted). To state a claim for relief under § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a state actor or a person acting under color of state law. *Id.* "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state," *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), or when "the manner of his conduct . . . makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Williams v. United States*, 341 U.S. 97, 100 (1951).

---

[1] Mr. Brown also filed a twenty-one-page "Initial Brief in Support of Complaint Under 42. U.S.C. 1983." (Doc. 2). The brief contains more than legal argument; it contains factual allegations not found in the complaint. (*Id.*). The complaint is the operative pleading in a case that governs the claims and allegations here. Regardless, Mr. Brown's brief does not address the issues identified in this order.

Here, even if the court were to presume Mr. Brown sufficiently alleged the violation of a federal right, which he has not, Mr. Brown has proffered no allegations to indicate the defendants acted with the authority of the state beyond Mr. Brown's conclusory allegations. Rather, it appears the defendants' actions were performed in the capacity as a private attorney. Private attorneys who represent individuals in court proceedings, however, do not act under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) (holding that a private attorney representing a client in a private civil matter is not a state actor for purposes of § 1983); *Hale v. King*, No. 5:11-cv-610-Oc-29TBS, 2012 WL 84820, at *2 n.2 (M.D. Fla. Jan. 11, 2012) ("A private attorney is not a person acting under the color of state law."). Thus, Mr. Brown's § 1983 claim fails.

While Mr. Brown's complaint lists several statutes as the basis for jurisdiction, he fails to explain how these statutes provide a basis for this court's subject matter jurisdiction. (Doc. 1, p. 8). Listing many statutes without explaining how they connect to Mr. Brown's claims is conclusory and insufficient to establish subject matter jurisdiction. *See, e.g., Richardson v. Park Soleil Vacation Owners Ass'n, Inc.*, No. 6:17-cv-940-Orl-41TBS, 2017 WL 6389670, at *3 (M.D. Fla. July 17, 2017), report and recommendation adopted, 2017 WL 6373924 (M.D. Fla. Dec. 13, 2017) ("Plaintiff lists several federal statutes and tangentially mentions 15 U.S.C. § 6102 and FICO, but these

4

conclusory references fall well short of establishing federal question jurisdiction."); *Brandywine Homes Georgia, LLC v. Steele*, No. 1:15-cv-03512-WSD-AJB, 2015 WL 13720148, at *2 (N.D. Ga. Oct. 21, 2015), report and recommendation adopted, 2016 WL 8711517 (N.D. Ga. Jan. 8, 2016) ("[Plaintiff] also asserts that the Court may exercise federal-question jurisdiction over the matter but simply lists a number of federal statutes without indicating how they relate to her case.").

Another reason for preclusion of this action is the *Rooker-Feldman* abstention doctrine. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Jud. Cir.*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011). If Mr. Brown requests that the court vacate or modify a state court decision, Mr. Brown's claims are barred.

Finally, Mr. Brown has a history of filing repetitive and frivolous litigation. Indeed, Mr. Brown filed other actions in this district raising similar allegations. Each action of these actions has been dismissed. *See, e.g.*, *Brown v. McLeod,* No. 8:23-CV-741-CEH-NHA, 2024 WL 1744304 (M.D. Fla. Apr. 1, 2024), report and recommendation adopted, No. 8:23-CV-741-CEH-UAM, 2024

WL 1743322 (M.D. Fla. Apr. 23, 2024);[2] *Brown v. McLeod,* No. 8:23-CV-741-CEH-JSS, 2023 WL 7482757 (M.D. Fla. July 24, 2023), report and recommendation adopted, No. 8:23-CV-741-CEH-JSS, 2023 WL 6476096 (M.D. Fla. Oct. 5, 2023); *Brown v. Brown-Spencer,* No. 8:22-CV-02918-MSS-MRM, 2023 WL 2931757, (M.D. Fla. Jan. 25, 2023), report and recommendation adopted sub nom. *Brown v. Brown-Spender,* No. 8:22-CV-2918-MSS-MRM, 2023 WL 2931696 (M.D. Fla. Feb. 13, 2023).

The defects in Mr. Brown's complaint are incurable and leave to amend would be futile. *See Conventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed."). When a plaintiff cannot meet the second element of the *in forma pauperis* analysis—by showing that the complaint is neither frivolous nor malicious—the court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action." *See Young v. Marshall*, No. CV 20-0495-JB-MU, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), report and recommendation adopted, No. CV 20-0495-JB-MU, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining to review the plaintiff's inconsistent and incomplete motion to

---

[2] Attorney Philip McLeod was previous employed by Defendant Older, Lundy, Kich & Martino, and represented the party opposite Mr. Brown in a child support action. (Doc. 1, p. 9).

6

proceed *in forma pauperis* because the plaintiff lacked standing to bring her asserted claims).

III. **CONCLUSION**

Accordingly, for the reasons stated above, it is **RECOMMENDED** that Mr. Brown's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**, and this action be dismissed without prejudice.

**ORDERED** in Tampa, Florida on September 18, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.