UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVIN BROWN,

    Plaintiff,

v.                                                    Case No. 8:24-cv-2061-KKM-AAS

JAMIE GIRGENTI, et al.,

    Defendants.
_____

## ORDER

In a September 18, 2024, report (Doc. 4), the United States Magistrate Judge recommends denial of pro se Plaintiff Devin Brown's motion to proceed in forma pauperis and dismissal of this action without prejudice. The deadline to object has passed without an objection.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review of that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even absent an objection. *See Cooper-Houston v.*

*S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Absent an objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Magistrate Judge's recommended disposition. Brown fails to plausibly allege that the defendants in this § 1983 action act under color of state law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."). As a result, Brown fails to state a claim upon which relief may be granted. This means that Brown's motion to proceed in forma pauperis must be denied and that his complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Finally, although a plaintiff is ordinarily afforded a chance to amend his complaint, the deficiencies in Brown's complaint are not "curable." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Even with a "more carefully drafted complaint," Brown could not to state a § 1983 claim because Brown cannot plausibly allege that the defendants, private attorneys, are state actors. *Id.*

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's recommended disposition (Doc. 4) is **ADOPTED**.
2. Brown's Motion to Proceed In Forma Pauperis (Doc. 3) is **DENIED**.
3. Brown's action is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is directed to enter judgment, which shall read "This case is dismissed without prejudice."

5. The Clerk is directed to **CLOSE** this case and mail Brown a copy of this Order.

**ORDERED** in Tampa, Florida, on October 17, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge